### GOVERNEUR KEMBLE vs. EZRA DRESSER.

A. and B., tenants in common of land, sold the wood growing thereon, with a proviso
that it should be taken from the land within two years. B. then conveyed his inter-
est in the land to A. The purchaser of the wood transferred his right thereto to C.,
who had no notice of the proviso as to the time of taking it away. C. cut the wood,
but did not remove it within two years. *Held*, that the property in the wood revert-
ed to A., and that C. could not recover of him pay therefor, nor pay for cutting it.

ASSUMPSIT to recover pay for 353¾ cords of wood, and also
pay for cutting the same.

The facts, on which the parties submitted the case to the
court, were these : On the 6th of September, 1836, the defend-
ant and S. A. Winslow owned certain land, and by their written
agreement, of that date, sold to C. Reynolds the wood and tim-
ber growing thereon. On the same day, said Winslow conveyed
all his right in said land to the defendant. The said agreement
with Reynolds contained this condition : " Provided, however,
the said Reynolds (his executors, administrators or assigns) is to
get off and remove from said lot said wood and timber, within
two years from the date hereof, and not afterwards." Said
Reynolds further agreed, that if he did not get off said wood
and timber within said term of two years, the defendant should
have it, but this fact was not known by the plaintiff.

Said Reynolds afterwards cut and took away a part of the
wood, and sold the remainder, by a parol agreement, to the
plaintiff, who cut the same, but did not remove it, before the
expiration of said two years. Before this action was com-
menced, the defendant took five cords of the wood so cut by the
plaintiff, and burned it at his own house ; and he, at the same
time, forbade the plaintiff's taking the remainder.

*Jones*, for the defendant. The proviso, in the agreement with
Reynolds, was a condition which, not being performed, defeated
the sale ; Shep. Touch. 131 ; Co. Lit. 203 *b* ; and the wood
reverted to the owner of the land. *Lawrence* v. *Gifford*, 17
Pick. 366. If the defendant had not a right to take away the
wood, nor to forbid the plaintiff to take it away, he was a tort-

feasor in so doing, and not answerable in assumpsit. *Jones* v. *Hoar*, 5 Pick. 285.

*Sumner*, for the plaintiff, denied that it was the intention of the parties to the agreement of sale that the wood, *which was paid for*, should revert to the vendor, if not taken off within the time mentioned. The neglect so to take it off was a breach of contract, perhaps, for which damages might be recovered. In *Lawrence* v. *Gifford*, the parties expressly agreed that the property should revert, and the condition was known to the plaintiff.

If assumpsit will not lie, the form of action may be altered. *St.* 1836, *c.* 273, § 3.

PUTNAM, J. We all think that the plaintiff cannot recover, either for the price or value of the wood, or for the labor of cutting it. On the facts, which the parties have submitted to us, the right of Reynolds to the wood depended on his removing it from the land within two years. The land belonged to the defendant, with the appurtenances, subject to the right of Reynolds, his administrators and assigns. The interests of the parties were adverse. It was for Reynolds's interest to get as much wood from the land as he could within the time, and the defendant was benefited according to the quantity of wood remaining after the term of two years.

It makes no difference, in this case, that the plaintiff did not know, when he received a transfer of Reynolds's right, the condition on which that right depended. The plaintiff acquired only such right as his assignor had, and must stand in precisely the same situation, in regard to the defendant, in which his assignor had stood. Unfortunately for the plaintiff, though he cut the wood within the two years, he did not remove it within that time, and the right to the wood reverted to the defendant. He had it absolutely, as appurtenant to his freehold, just as if no agreement for the sale of it had ever been made. The plaintiff, therefore, cannot recover for the wood, or the price of it, because he did not perfect a title to it.

It is contended for the plaintiff, that as he has performed much labor upon the property which has reverted to the defendant, he should have a reasonable compensation. But there has

been no contract between the parties, express or implied, touch-ing the wood. The plaintiff did the work, on his own account, and not at the request or for the benefit of the defendant. In-deed, it may be that the trees would, if standing, be worth more to the defendant than the wood.

*Plaintiff nonsuit.*